MRS. ELMER HARDY V. STATE

No. 28,025. February 8, 1956.

Appellant's Motion for Rehearing Denied (Without Written Opinion) April 4, 1956.

*R. E. Murphey,* Coleman, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the sale of whiskey in a dry area; the punishment, 30 days in jail and a fine of $400.00.

Inspector Hynd of the Texas Liquor Control Board testified that on the day charged in the information he went to the appellant's home in the city of Santa Anna and purchased a pint of whiskey and paid her $5.00 for the same.

The appellant, testifying in her own behalf, denied that Hynd had ever come to her house or that she had ever sold him any whiskey.

The jury resolved this dispute in the evidence against the appellant, and we find the evidence sufficient to support the conviction.

We shall discuss the contentions raised in the appellant's brief.

Appellant made an oral motion to discharge the jury panel because they had been selected by disqualified jury commissioners. She made no effort to produce any facts in support of such motion. Nothing is presented for review by such a bill of exception.

Appellant contends that the evidence is insufficient to support the allegations of the information as to where the sale was made. The pleader alleged a great many unnecessary details as to the exact location of where the sale was made, but we have concluded that such allegations were supported by the following proof from the witness Hynd:

"Q. When you were in Coleman County, about that time, or on that occasion, were you in the City of Santa Anna? A. I was.

\* \* \*

"A. I saw her at the Hardy residence.

"Q. Where is that? A. It is located on the north side of Highway No. 67, and near the east edge of the City of Santa Anna."

Appellant's last two contentions are that the punishment was excessive and would work a hardship on the appellant's children. We are aware of no law that would authorize this court to reverse a conviction upon such grounds.

No reversible error appearing, the judgment is affirmed.